J-S10040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                   :  PENNSYLVANIA
                                                   :
               v.                            :
                                                   :
                                                   :
DAVID ALLEN VAN HORN               :
                                                   :
            Appellant                :  No. 2581 EDA 2022

Appeal from the Judgment of Sentence Entered September 27, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0002834-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:               **FILED JULY 28, 2023**

Appellant, David Allen Van Horn, appeals from the judgment of sentence imposed on September 27, 2022 in the Court of Common Pleas of Monroe County after a jury convicted him of possessing a controlled substance and possessing drug paraphernalia.[1]  On appeal, Appellant contends the trial court abused its discretion by imposing an aggregate sentence of 22 to 48 months in a State Correctional Institution.  Appellant's counsel seeks permission to withdraw and has filed an ***Anders-Santiago***[2] brief in which he concludes that

---

[1] 35 P.S. §§ 780-113(a)(16) and780-113(a)(32), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

all issues lack merit.[3]  Following review, we grant counsel's application for leave to withdraw and affirm Appellant's judgment of sentence.

By way of background, the record reflects that on July 15, 2021, Trooper Matthew Lento and two other Pennsylvania State Troopers arrived at a residence in Polk Township, Monroe County, intending to apprehend Appellant for the simple assault of Betty Lou Van Horn.  *See* Affidavit of Probable Cause, 8/9/21, at 1.  After parking his patrol car in the street, Trooper Lento observed Appellant standing in the driveway of the residence next to a silver Jeep with its front passenger door open.  As a second trooper pulled into the driveway, Trooper Lento saw Appellant reach into his pockets and throw items into the Jeep.  Trooper Lento approached Appellant and took him into custody. Appellant closed the door to the Jeep and said he wanted a cigarette.  *Id.*

The second trooper spoke with the assault victim who gave verbal consent to search the Jeep.  When Trooper Lento opened the Jeep door where Appellant was standing, he observed a plastic container containing a baggie of suspected Methamphetamine and a blue glass smoking device, both in the immediate area where Appellant threw items that were in his pocket.  *Id.*

_____

[3] Appellant's counsel filed an *Anders* brief on January 23, 2023 as well as an application to withdraw as counsel.  Because the filings failed to comply with the requirements of *Anders* and *Santiago*, on June 22, 2023, we directed counsel to file a proper *Anders* brief and additional documentation with evidence of service on Appellant.  We now proceed to review the brief and application to withdraw filed on June 30, 2023 in response to our directive.

Appellant was arrested and charged with possessing a controlled substance (Methamphetamine) and possessing drug paraphernalia. At the conclusion of his trial, a jury convicted Appellant of both charges. Following preparation of a presentence investigation report, the trial court sentenced Appellant to 16 to 32 months in a State Correctional Institution for possession of a controlled substance, followed by a consecutive sentence of six to 12 months for possession of drug paraphernalia. *See* Sentencing Order, 9/27/22 at 1-2.[4] Appellant did not seek reconsideration or file any post-sentence motions. He did, however, file a timely *pro se* notice of appeal, contending his sentence was unlawful and constituted an abuse of discretion on the part of the trial court, and claiming his prior record score was calculated incorrectly.[5]

_____

[4] The trial court initially imposed the identical sentence on August 29, 2022 via Alternative Communication Technology ("ACT"). On September 2, 2022, Appellant filed a *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, claiming the sentence imposed via ACT was illegal. In response, by order entered September 19, 2022, the trial court vacated Appellant's sentence and subsequently conducted an in-person proceeding on September 27, 2022, again sentencing Appellant to consecutive terms of 16 to 32 months for possession of a controlled substance and six to 12 months for possession of drug paraphernalia.

[5] To the extent Appellant might suggest his sentence was illegal, the trial court dispelled any suggestion of illegality in its Rule 1925(a) opinion, in which the court acknowledged that the sentence imposed was longer than the six to 12 months included in the basic sentencing matrix for an ungraded misdemeanor. "However, that sentence was authorized by [35 P.S. § 780-113(b)]" as a sentence that did not exceed three years in prison for a second conviction
*(Footnote Continued Next Page)*

On October 19, 2022, the trial court directed Appellant to file a Rule 1925(b) statement of errors complained of on appeal. In response, Appellant's counsel filed a notice of intent to file an **Anders** brief as authorized by Pa.R.A.P. 1925(c)(4) and served a copy of the notice on the trial court.[6]

In his **Anders** brief,[7] Appellant identifies one issue for this Court's consideration:

   A. Whether the trial court abused its discretion when it sentenced [Appellant] to a consecutive period of incarceration in a State Correctional Institution for a minimum of twenty-two (22) to a maximum of forty-eight (48) months with credit for time served in the County Jail?

**Anders** Brief at 6.

Appellant challenges the discretionary aspects of his sentence. However, before we may consider the merits of Appellant's claim, we must address the adequacy of counsel's compliance with **Anders** and **Santiago**. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013); **see also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("When

---

involving the same offense. Further, with regard to the prior record score, as counsel explains, Appellant's extensive record, as detailed in Exhibit E to the **Anders** Brief, supports a prior record score of 5. **Anders** Brief at 17 (citing 204 Pa. [Code] § 303.4).

[6] Although represented by counsel, Appellant filed a *pro se* document with this Court titled, "Concise statement of matters complained of on appeal," and dated October 26, 2022. The document was forwarded to Appellant's counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

[7] **See** n. 3.

- 4 -

faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

As this Court directed in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Id.** at 879-80 (citation and internal quotations omitted).

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts with citations to the

record;[8] (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. In addition, counsel sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. Accordingly, all **Anders**' requirements are satisfied.

We now proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). "If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). If there are non-frivolous issues, we will deny counsel's petition to withdraw and direct counsel to file an advocate's brief. **Id.** (citation omitted).

By arguing that the trial court's consecutive sentences are excessive and constitute an abuse of discretion, Appellant is challenging the discretionary aspects of his sentence. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014),

---

[8] Although counsel's citations to the record refer to "R.R.," suggesting a Reproduced Record, the certified record does not include a Reproduced Record. Rather, the pages of the "R.R." referenced in the **Anders** brief correspond to the pages of the Trial Court Record received and docketed in this Court on December 14, 2022

*appeal denied*, 117 A.3d 297 (Pa. 2015) (quoting ***Commonwealth v.***

***Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014)).  As this Court reiterated

in ***Zirkle***,

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***, 107 A.3d at 132 (quoting ***Buterbaugh***, 91 A.3d at 1265-66) (in turn

quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, although Appellant filed a timely notice of appeal, he did not

preserve the issue at sentencing or in a motion to reconsider.  As such, the

issue is waived.  ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.

Super. 2013) (*en banc*) (objection to a discretionary aspect of sentence is

waived if not raised in a post-sentence motion or during sentencing

proceedings).  Further, he did not include a Rule 2119(f) statement in his brief

and, therefore, his brief has a fatal defect.  However, even if he had preserved

the issue and had included a Rule 2119(f) statement, Appellant would not be

able to satisfy the fourth criteria because he has not presented a substantial

question for review.  As this Court explained in ***Zirkle***,

> We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. ***Commonwealth v. Lloyd,*** 878 A.2d 867, 873 (Pa. Super. 2005)[.]  Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to

other sentences being imposed at the same time or to sentences already imposed.

A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspect of sentence. *Lloyd*, 878 A.2d at 873.

*Id.*, 107 A.3d at 133 (additional citations omitted). Here, the imposition of a six- to 12-month sentence for possession of drug paraphernalia, consecutive to the 16- to 32-month sentence imposed for possession of a controlled substance, does not result in a sentence "so manifestly excessive" as to create a substantial question. Appellant's stated issue lacks merit.

Finally, "part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Yorgey*, 188 A.3d at 1197 (quoting *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006)). As this Court observed in *Yorgey*,

this review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated.

*Id.* at 1197.

We agree with Appellant's counsel that the discretionary aspect of sentencing issue asserted in the *Anders* brief is wholly frivolous. Further, after conducting our own review of the record, we find no arguably meritorious issues that counsel missed or misstated. *See Yorgey*, 188 A.3d at 1197.

Therefore, we grant counsel's application to withdraw and affirm the September 27, 2022 judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023